## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

CHRISTOPHER BRYANT GIBSON,           )
                                     )
              Plaintiff,             )
                                     )
v.                                   )        Case No. CIV-20-00032-JD
                                     )
UNITED STATES OF AMERICA,            )
                                     )
              Defendant.             )

## ORDER

Before the Court is the Report and Recommendation [Doc. No. 23] of United States Magistrate Judge Shon T. Erwin, recommending that this action be dismissed without prejudice for Plaintiff's failure to comply with Judge Erwin's November 10, 2020 order [Doc. No. 19] requiring service on Defendant within 90 days and directing Plaintiff to submit necessary service paperwork to the Clerk of Court within 20 days of the date of that order. Judge Erwin advised Plaintiff of his right to object to the Report and Recommendation by January 29, 2021, and that Plaintiff's failure to make a timely objection waives the right to appellate review of the factual findings and legal issues in the Report and Recommendation. Plaintiff did not file an objection to the Report and Recommendation, and the record reflects that Plaintiff has still neither served Defendant nor submitted the necessary paperwork for issuance of summons.

Although the Court is not required to conduct a de novo review of the Report and Recommendation unless a party timely objects, *see* 28 U.S.C. § 636(b)(1)(C), the Court

has conducted such a review and concludes that dismissal is appropriate, albeit for different reasons than articulated in the Report and Recommendation.

Plaintiff filed this action on January 8, 2020 [Doc. No. 1] and was granted leave to proceed *in forma pauperis* on January 15, 2020 [Doc. No. 5]. Under Federal Rule of Civil Procedure 4(m), Plaintiff was required to effect service on Defendant within 90 days of the filing of the Complaint. Plaintiff did not timely serve Defendant, and he also failed to timely pay an initial partial filing fee, as ordered by Judge Erwin. Plaintiff eventually paid the initial partial filing fee on August 17, 2020 [*see* Doc. No. 17], but he made no effort to have a summons issued or effect service on Defendant.

On November 10, 2020, Judge Erwin issued an Order Requiring Service and Special Report. [Doc. No. 19]. That order specifically stated in relevant part:

> A copy of this order, the complaint, and a summons shall be served on each defendant in accordance with the Federal Rules of Civil Procedure 4; provided, however, that said service shall not be effected until the necessary service papers (along with service copies for each defendant) have been completed by the Plaintiff and furnished within twenty (20) days from this date to the Clerk for processing and issuance. Upon request of the Plaintiff, the United States Marshal Service would be available to effect service at the addresses provided by the Plaintiff. *See* Fed. R. Civ. P. 4(c)(3); 28 U.S.C. § 1915(d). However, ***proof of service is the Plaintiff's responsibility and return of service on each defendant is due ninety (90) days from the date this action was filed***. *See* Fed. R. Civ. P. 4(m). The failure to timely file proof of service could result in dismissal of the action.

[Doc. No. 19 at 4 (emphasis added)]. The order additionally noted that "[b]ecause Plaintiff's Complaint was subject to initial screening under 42 U.S.C. § 1997e(c)(1) and 28 U.S.C. § 1915(e)(2)(B), the Court has postponed commencement of the 90-day period for service of Defendants until the date of this Order." [*Id.* at 4 n.1]. In short, Judge

Erwin's order specifically informed Plaintiff of his obligation to serve Defendant, granted Plaintiff an *additional* 90 days from the date of the order—or until February 8, 2021—to effect that service, and advised that service could not be effected until Plaintiff completed the necessary service paperwork. The order further indicated that Plaintiff should complete and furnish that service paperwork within 20 days of the date of the order.

The Court notes that the Report and Recommendation recommending dismissal was issued *prior* to the 90-day service deadline established in the November 10, 2020, order. However, that deadline has since expired, and to date Plaintiff has not filed the necessary proofs of service, nor has he even submitted necessary service papers to the Clerk for processing and issuance.

In light of Plaintiff's complete failure to prosecute this action or attempt to comply with Judge Erwin's order, the Court finds that dismissal is appropriate under Rule 41(b) of the Federal Rules of Civil Procedure. That Rule provides, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "[This] Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). Moreover, "[t]he 'authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' . . . [D]ismissal is an

3

appropriate disposition against a party who disregards court orders and fails to proceed as required by court rules." *United States ex rel. Jimenez v. Health Net, Inc.*, 400 F.3d 853, 855 (10th Cir. 2005) (quoting *Link*, 370 U.S. at 630–31; citing *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642–43 (1976)).

"A district court may dismiss an action under Rule 41(b) after finding that certain enumerated criteria support a dismissal. These criteria include '(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.'" *Olsen*, 333 F.3d at 1204 (quoting *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir. 1994)).

The Court finds that each of the above criteria weighs in favor of dismissal of this action. First, Plaintiff's failure to prosecute this action has significantly prejudiced Defendant by unnecessarily delaying this action, which has now been pending for over one year. Plaintiff's failure to prosecute or respond to Judge Erwin's orders has likewise significantly interfered with the judicial process, requiring Judge Erwin and this Court to expend unnecessary resources and impairing the Court's management of its docket. As for culpability, Plaintiff has offered no justification or explanation for his failure to comply with Court orders or prosecute this action. While the Court is mindful of the difficulties pro se litigants face, Plaintiff has done nothing in this action since August 2020, and the Court finds him fully culpable in his decision not to prosecute this action. The Court and Judge Erwin also specifically warned Plaintiff in advance, and on

numerous occasions, that dismissal was a possible result if Plaintiff failed to comply with the Court's orders. [*See, e.g.*, Doc. No. 18 at 4 and Doc. No. 23 at 4]. Finally, given Plaintiff's complete inaction in this case, the Court finds that no lesser sanction would be effective.

The Court notes that recent attempts to serve Plaintiff with the Court's orders at his address of record have failed. [*See* Doc. Nos. 20, 22, 24, 25]. However, Plaintiff is responsible for notifying the Court of any change of address, and "[p]apers sent by the court will be deemed delivered if sent to the last known address given to the court." LCvR5.4(a). Further, Plaintiff is clearly aware of this requirement, having previously notified the Court of a change of address. [*See* Doc. No. 14].

While the Court is mindful that dismissal is an extreme sanction, the Court concludes that such action is warranted in this case. Consequently, the Court ACCEPTS and ADOPTS the Report and Recommendation, as MODIFIED herein, and DISMISSES this action WITHOUT PREJUDICE pursuant to Rule 41(b) and the Court's inherent power to manage its caseload so as to achieve the orderly and expeditious disposition of cases.

IT IS SO ORDERED this 10th day of February 2021.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE